IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 12 2015
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| LARRY D. STEELE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-942-A |
| | § | |
| DYNCORP INTERNATIONAL LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the motion of plaintiff, Larry D. Steele, to remand the above-captioned action to the state court from which it was removed on the ground that the court lacks subject matter jurisdiction. After having considered such motion and its supporting brief and appendix, the response of defendant, DynCorp International LLC, and its supporting brief, the notice of removal and its supporting appendix, and pertinent legal authorities, the court has concluded that such motion should be granted and that the action should be remanded to state court.

I.

Background and Procedural History

A. Pre-Removal Events in State Court

This action was initiated by the filing on October 24, 2014, of plaintiff's original petition in County Court at Law No. 3 of

Tarrant County, Texas, in which plaintiff alleged that he was terminated from employment by defendant because of his age and disability, in violation of provisions of the Texas Labor Code. He alleged that he "has suffered in the past, and in all reasonable likelihood, will suffer in the future, damages including, lost wages, lost earning capacity, mental anguish, emotional pain and suffering, lost employment benefits, inconvenience, loss of enjoyment of life, damage to professional reputation, medical bills and other damages." Notice of Removal, App. at 007. Plaintiff alleged that he sought "only monetary relief of $75,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." Id. He prayed for an award of "damages, costs of court, interest, and reasonable attorney's fees and other amounts not to exceed $75,000." Id. at 009.

Before defendant filed an answer to plaintiff's original state court pleading, plaintiff filed on November 3, 2014, an amended petition by which he limited the elements of damage for which he was seeking compensation to past and future "inconvenience, mental pain and suffering and loss of enjoyment of life as a result of Defendant's actions against him," id. at 020, thus eliminating from his claim for damages past and future lost wages, lost earning capacity, lost employment benefits,

damage to professional reputation, and medical bills. He repeated in his amended pleading the language contained in the original pleading that the recovery he was seeking did not exceed $75,000.

B.  The Notice of Removal

After filing a state court answer to plaintiff's amended state court pleading, defendant filed a notice removing the action to this court on November 21, 2014, asserting that this court had jurisdiction based on diversity of citizenship and an amount in controversy in excess of the sum or value of $75,000, exclusive of interests and costs. Notice of Removal at 3, ¶ 9.

In support of defendant's contention that the amount in controversy exceeded the required jurisdictional amount, defendant offered a declaration by an employee of defendant that at the time of the termination of plaintiff's employment by defendant he had an annualized base salary of $105,060.04, id. App. at 030, and noted that because of the kind of cause of action plaintiff alleged under the Texas Labor Code, plaintiff's potential recovery of damages, if he were to establish liability, would be in excess of $75,000 exclusive of interests and costs. Defendant called the court's attention in the notice of removal to sections 21.258 and 21.2585 of the Texas Labor Code that would authorize plaintiff, if successful, to recover "back pay, front

3

pay, compensatory damages for 'future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses,' attorneys' fees and punitive damages." Notice of Removal at 6, ¶ 17.

Defendant went on to contend in its notice of removal that the pleading of plaintiff that he is limiting his request for recovery to $75,000 or less does not define the amount in controversy for jurisdictional purposes because plaintiff's "current live pleading [does] not 'irrevocably' bind Plaintiff to a recovery of $75,000 or less, as required to defeat federal jurisdiction." Id. at 7, ¶ 20.

C.  The Motion to Remand

On December 19, 2014, plaintiff filed his motion to remand, supporting brief, and supporting appendix. Included in the supporting appendix was a statutory declaration of plaintiff in which he explained that the termination of his employment was a blow to his self-confidence, and put stress on his family, and that while he is seeking mental anguish and inconvenience damages, he has not sought the aid of a medical provider or counselor. Mot., App. at 5-6. He concluded by saying:

> I only seek compensatory damages, such as mental anguish and inconvenience damages.
>
> This will allow me to have my day in Court in an attempt to hold DynCorp responsible for its unlawful discrimination. That is my primary goal in this case,

4

> and the recovery of any damages is secondary. It is my hope DynCorp will understand that people like myself who work hard and spend approximately a third of their day working to advance DynCorp's interest deserve to be treated with respect and in accordance with the law.
>
> I irrevocably limit my recovery of damages for the harms and losses I have sustained as set forth in my First Amended Petition to $75,000.

Id. at 6.

Plaintiff takes the position in his motion to remand that he has so limited his damage claims that the face of his amended pleading, even when considered in the context of defendant's affidavit concerning his level of compensation, does not provide defendant the evidence it would need for it to carry its burden of proving that the amount in controversy is sufficient to satisfy the diversity jurisdiction requirement.[1]

D. **Defendant's Response**

On January 8, 2015, defendant filed its response in opposition to the motion to remand, making essentially the same arguments defendant made in its notice of removal in support of its contention that the court has subject matter jurisdiction.

---

[1] "[T]he burden of establishing jurisdiction rests upon the party seeking to invoke it and cannot be placed upon the adversary who challenges it." Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 253-54 (5th Cir. 1961).

II.

### Defendant Has Not Carried Its Burden to Prove That the Court Has Subject Matter Jurisdiction

The appearance is that plaintiff has done exactly what the Supreme Court said was proper to be done when it said that "if [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938).

The court has taken into account the opinion of the Fifth Circuit in De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995), in which the Fifth Circuit, after making reference to the quoted language of the Supreme Court in St. Paul Mercury, added that "[t]he face of the plaintiff's pleading will not control if made in bad faith." De Aguilar, 47 F.3d at 1410 (emphasis added).

There is nothing in the record that would support a finding by the court that plaintiff was acting in bad faith when he chose to limit the elements of damage for which he is seeking recovery in order to avoid causing the amount in controversy to be in excess of the jurisdictional amount for diversity purposes. As the Supreme Court suggested, tailoring the recovery sought in a

6

pleading in such a way to avoid federal court jurisdiction is a perfectly legitimate thing to do. For all that appears in the record, plaintiff's amended pleading was a good faith pleading of elements of damages and of a maximum amount of damages sought. The strong language in the amended complaint limiting elements of recovery and the request for relief to $75,000 was fortified by plaintiff's declaration that he irrevocably limited his recovery of damages to $75,000. Plaintiff's declaration is the only evidence before the court bearing on the sincerity of plaintiff's amended pleading.

As the Fifth Circuit explained in <u>De Aguilar</u>:

> [T]he plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount. The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. <u>The defendant must produce evidence that establishes that the actual amount in controversy exceeds [$75,000]</u>.

<u>Id.</u> at 1412 (footnote omitted & underlining added).

Defendant has not produced any evidence that establishes that the actual amount in controversy exceeds $75,000. The mere fact that if plaintiff had pleaded elements of damage that plaintiff could have pleaded, but chose not to do so, there would be the potential that the plaintiff could recover in excess of $75,000 is not sufficient. As the Fifth Circuit said in <u>De</u>

7

Aguilar, plaintiff's claim remains presumptively correct if the defendant does not show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount. As noted above, the only evidence bearing on the genuineness of the allegations of the amended complaint is plaintiff's declaration.

Of pertinence is the following language used by the Fifth Circuit in De Aguilar:

> In the case *sub judice*, plaintiffs also attached to the original state court petition an attorney affidavit that purported to limit the amount of damages recoverable. The federal district court reasoned, however, that the plaintiffs could not effectively limit the amount of damages they could obtain unless they had the authority to bind the estates by limiting damages. <u>In order to do so, they had to be the legal representatives or legal heirs of the estates.</u>

Id. at 1413 (emphasis added). The implication of that language is that if the actual party-in-interest in the litigation had provided an affidavit (or declaration) limiting the amount of damages recoverable, such an affidavit (or declaration) would be a proper matter for the court to consider in determining the amount in controversy.[2] Here, the plaintiff himself has given a declaration saying that he "irrevocably limit[s] [his] recovery

---

[2] The Fifth Circuit has given effect to a post-removal affidavit when the jurisdictional amount question is unresolved. See De Aguilar, 47 F.3d at 1406 (citing Asociacion Nacional de Pescadores v. Dow Quimica de Colombia, S.A., 988 F.2d 559 (5th Cir. 1993).

8

of damages for the harms and losses [he has] sustained as set forth in his First Amended Petition to $75,000." Mot., App. at 6. The court recognizes that in <u>De Aguilar</u> the Fifth Circuit was discussing a stipulation or affidavit that was filed with the complaint. In the instant action, the amended pleading itself was in the form of a stipulation as to the limit on the elements and amount of damages that would be recoverable by the plaintiff. The court does not take the post-removal declaration of plaintiff as an attempt after the case was removed to change his state court pleading. Rather, the court takes the declaration of plaintiff to be evidence of his good faith in limiting his state court <u>ad</u> <u>damnum</u> to $75,000.

Defendant argues that damages were improperly pleaded by plaintiff in his amended pleading in violation of Rule 47 of the Texas Rules of Civil Procedure. However, defendant has not provided authority that Rule 47 has any applicability to plaintiff's amended pleading. The opening sentence of Rule 47 makes clear that it applies only to an original petition, not an amended petition, by saying in the opening phrase "[a]n <u>original</u> <u>pleading</u> which sets forth a claim for relief, whether an <u>original</u> <u>petition</u>, counterclaim, cross-claim, or third party claim shall contain." Vernon's Ann. Texas Rules Civ.Proc., rule 47 (emphasis added). Defendant has cited no authority, and the court has

9

found none, that would suggest that the pleading requirements of Rule 47 apply to an amended petition.[3]

Even if the court were to assume, <u>arguendo</u>, that the pleading restriction in Rule 47 had applicability to plaintiff's amended state court pleading, defendant nevertheless would not have satisfied its burden to establish the requisite jurisdictional amount. On point here is the language of the Fifth Circuit in <u>De Aguilar</u> that:

> [A] plaintiff, in a case for unliquidated damages, cannot, absent a further showing, avoid removal by pleading for damages under the jurisdictional amount where a state rule prevents such pleading <u>and where defendants are able to show that it is facially apparent that the amount in controversy exceeds [$75,000]</u>.

47 F.3d at 1413 (emphasis added).

Defendant has not shown that "it is facially apparent that the amount in controversy exceeds [$75,000]." <u>Id.</u> The allegations in the amended petition do not seek recovery of elements of damage that necessarily would exceed $75,000, and plaintiff clearly pleaded that he was not expecting to recover

---

[3] In a sense, Rule 47 affirmatively indicates that its pleading restriction is inapplicable to an amended petition. The Rule provides that: "upon special exception the court shall require the pleader to amend so as to specify the maximum amount claimed." Tex. R. Civ. Proc. 47. When plaintiff amended his state court pleading, he, in a sense, did voluntarily what Rule 47 said he could be required to do--he amended his pleading to eliminate elements of damage that might be used by the defendant in an attempt to remove the case to federal court based on diversity jurisdiction.

any more than $75,000. As noted above, the only evidence bearing on the genuineness of that pleading is plaintiff's declaration.

The court has no reason to believe that plaintiff will not be irrevocably bound by the $75,000 limit on damages he pleaded in his amended pleading when considered together with the statement he made under penalty of perjury that he is irrevocably limiting his recovery of damages to $75,000.[4] Defendant has not called the court's attention to any authority, nor has the court found any, that under the circumstances of this case plaintiff would not be irrevocably bound by his amended pleading and his declaration not to receive an award of damages in excess of $75,000. The fact that plaintiff could have pleaded a case that would cause the amount in controversy to exceed the jurisdictional amount is not controlling. Plaintiff chose not to do so, as the Supreme Court said was proper. St. Paul Mercury, 303 U.S. at 294.

Having not been persuaded by defendant that the diversity jurisdictional amount exists in this case, the court is ordering the case remanded.

---

[4]When plaintiff's amended pleading and declaration are considered, this court cannot imagine any court awarding plaintiff in this action more than $75,000. Nor can the court imagine plaintiff or his counsel, considering the commitments they have made, seeking or accepting an award of more than $75,000. In any event, if that were to occur, defendant would have the right again to remove to federal court, and that right of removal would exist even if the event that prompted it occurred more than one year after commencement of this action in state court. See 28 U.S.C. § 1446(c)(3)(B).

III.

Order

Therefore,

The court ORDERS that the above-captioned action be, and is hereby, REMANDED to the state court from which it was removed.

SIGNED January 12, 2015.

_____
JOHN McBRIDE
United States District Judge